9014/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
EVERGREEN MARINE CORP. (TAIWAN) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCAN AM TRANSPORT A/S,<br><br>                                   Plaintiff,<br><br>- against -<br><br>M/V GOLDEN CLOUD, her engines, boilers, etc.;<br>AND EVERGREEN MARINE CORP.;<br><br>                                   Defendants. | 07 CV 6062 (GEL)<br><br>ECF CASE<br><br>**AMENDED ANSWER** |

       Defendant, EVERGREEN MARINE CORP. (TAIWAN) LTD. (hereinafter "EMC"), incorrectly sued herein as EVERGREEN MARINE CORPORATION, by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph FIRST.

       2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SECOND.

3. Admits that defendant EMC is a foreign corporation with an office and place of business in Taipei, Taiwan and are engaged in the business of being a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that EMC chartered the M/V GOLDEN CLOUD and except as so admitted denies the allegations contained in paragraph THIRD.

4. Admits that the M/V GOLDEN CLOUD is a container vessel employed in ocean common carriage as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and except as so admitted denies the allegations contained in paragraph FOURTH.

5. Because of the lack of specificity of facts specified in paragraph FIFTH of the complaint, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph FIFTH.

6. Denies the allegations contained in paragraph SIXTH.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SEVENTH.

8. Denies the allegations contained in paragraph EIGHTH except admits non-payment.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.) hereinafter COGSA.

10. Defendant, EMC, claims the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and the aforesaid statute to the full extent they may be applicable to it.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. The claim is time barred since suit was not brought within one year from the delivery of the cargo or from the time the goods should have been delivered.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff is not a real party in interest and has suffered no liability in regard to the referenced claim.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Defendant claims the benefit or all immunities and exceptions contained in the COGSA, Article 4(2)(a) through (q) and (5) to the full extent they may be applicable to it.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff did not give notice of claim within 3 days of delivery as required by COGSA §3(6).

**WHEREFORE**, Defendant EMC prays that the complaint be dismissed as against it together with costs and disbursements incurred in the defense of this action.

Dated: New York, New York
August 30, 2007

                                      CICHANOWICZ, CALLAN, KEANE,
                                      VENGROW & TEXTOR, LLP
                                      61 Broadway, Suite 3000
                                      New York, New York 10006

                                      *Attorneys for Defendant*
                                      EVERGREEN MARINE CORP.
                                      (TAIWAN) LTD.

                        By:     s/ Paul M. Keane

                                      Paul M. Keane (PMK-5934)

To:    Samuel C. Coluzzi
        NICOLETTI, HORNIG & SWEENEY
        88 Pine Street
        Wall Street Plaza
        New York, New York 10005

## **CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 30, 2007, I served a complete copy of EVERGREEN MARINE CORP. (TAIWAN) LTD.'s Amended Answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To: Samuel C. Coluzzi
NICOLETTI, HORNIG & SWEENEY
88 Pine Street
Wall Street Plaza
New York, New York 10005

*Amanda Magri*
Amanda Magri

DATED: August 30, 2007
New York, New York