UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK                    07 CV 6062 (GEL)

SCAN AM TRANSPORT A/S,

                              Plaintiff,

            -vs-

M/V GOLDEN CLOUD, etc., et ano.,

                              Defendants.

DEFENDANT, EVERGREEN MARINE CORP.'S ATTORNEY'S DECLARATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS AS TIME BARRED

PAUL M. KEANE declares under the penalty of perjury that the following statement is true and correct:

1.      I am an attorney-at-law admitted to practice before this Court and a member of the firm of Cichanowicz Callan Keane Vengrow & Textor, LLP, attorneys for defendant, EVERGREEN MARINE CORP. (TAIWAN) LTD. (sued herein as EVERGREEN MARINE CORPORATION) (hereafter, "EVERGREEN"), in the above captioned matter.

2.      I am full familiar with the facts and circumstances of this matter and except as otherwise indicated, I make this declaration in support of EVERGREEN's motion to dismiss plaintiff's claims against it as time barred.

3.      Attached to this declaration as lettered EXHIBITS are true and complete copies of the following documents which include all of the relevant pleadings:

            EXHIBIT A:          Plaintiff's complaint;

            EXHIBIT B:          EVERGREEN's answer;

            EXHIBIT C:          EVERGREEN's amended answer;

EXHIBIT J   A page from one of the claims documents in this matter provided to the undersigned by counsel for plaintiff;

EXHIBIT K   A survey report taken from claims documents in this matter provided to the undersigned by counsel for plaintiff.

4. The facts and law on which this motion is based are set out in the accompanying memorandum to which the Court is respectfully referred.

WHEREFORE, the moving defendant respectfully requests that the motion be granted.

Dated:  New York, December 7, 2007


/s/ _____Paul M. Keane_____
Paul M. Keane [PK-5934]

# EXHIBIT A

JUDGE LYNCH

07 CV 6062

NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 220-3830
(FILE NO.: 00000770 JFS/SCC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

SCAN AM TRANSPORT A/S,

                   Plaintiff,

      - against -

M/V GOLDEN CLOUD, her engines,
boilers, etc. and EVERGREEN MARINE
CORPORATION,

                   Defendants.

-------------------------------------------------X

JUN 2 6 2007

U. . .  S.D. N.Y.
CASHIERS

07 Civ.

**VERIFIED COMPLAINT**

      Plaintiff, by its attorneys, NICOLETTI HORNIG & SWEENEY, alleges upon information and belief, as follows:

      **FIRST:**    All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

      **SECOND:**    At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

**THIRD:**     At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessels above named as common carriers of merchandise by water for hire.

**FOURTH:**     At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now are or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH:**     On or about the date and at the ports of shipment stated in Schedule "A", there was shipped by the shippers therein named and delivered to Defendants and the said vessel, as common carriers, the shipment described in Schedule "A" then being in good order and condition, and Defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the ports of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH:**     Thereafter, the said vessel arrived at the ports of destination, where they and Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously

2

injured and impaired in value by reason of the matter and things stated in Schedule "A", all in violation of Defendants' and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH:** Plaintiff was the consignee and owner and/or had a financial interest in the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH:** By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $50,000.00.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $50,000.00, with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor; and

5.    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
         June 26, 2007

                                   NICOLETTI HORNIG & SWEENEY
                                   Attorneys for Plaintiff.


                         By:    _____
                                   Samuel C. Coluzzi (SCC-8975)
                                   88 Pine Street
                                   Wall Street Plaza
                                   New York, New York 10005-1801
                                   (212) 220-3830
                                   (FILE NO.: 00000770 JFS/SCC)

4

## SCHEDULE A

**Plaintiff's Legal Status and**
**Office and Place of Business:**

        Plaintiff, Scan Am Transport A/S, was and now is a corporation organized and existing under and by virtue of foreign law, with an office and place of business at Scandiagade 15, 2450 København, SV, Copenhagen, Denmark.

**Defendant's Legal Status and**
**Office and Place of Business:**

        Defendant, Evergreen Marine Corporation, was and now is a corporation or other entity organized and existing under and by the virtue of foreign law, with an office and place of business located at One Evertrust Plaza, Jersey City, New Jersey 07302.

| | |
|---|---|
| Date of Shipment: | July 17, 2005 |
| Port of Shipment: | China |
| Port of Destination: | Canada/USA |
| Shipper: | Scan Am Transport |
| Consignee: | Scan Am Transport USA, Inc. |
| Shipment: | Furniture/Goods |
| Nature: | Damage |
| Amount: | $50,000.00 |
| NH&S File: | 00000770 JFS/SCC |

X:\Public Word Files\0\770\legal\verified complaint.doc

STATE OF NEW YORK     )
                      : S.S.:
COUNTY OF NEW YORK    )

      SAMUEL C. COLUZZI, being duly sworn, deposes and says:

      That he is an attorney admitted to practice before the Courts of this State and associated with the firm of Nicoletti Hornig & Sweeney, attorneys for Plaintiff herein.

      That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

      Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

SAMUEL C. COLUZZI

Sworn to before me this
26th day of June, 2007.

Notary Public
VALERIE A. CLUNE
Notary Public, State of New York
No. 01CL4880479
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Dec. 15, 20/0

X:\Public Word Files\0\770\legal\SCC VERIFICATION.doc

# EXHIBIT B

9014/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
EVERGREEN MARINE CORP. (TAIWAN) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCAN AM TRANSPORT A/S, | 07 CV 6062 (GEL) |
| Plaintiff, | |
| - against - | ECF CASE |
| M/V GOLDEN CLOUD, her engines, boilers, etc.; AND EVERGREEN MARINE CORP.; | **ANSWER** |
| Defendants. | |

Defendant, EVERGREEN MARINE CORP. (TAIWAN) LTD. (hereinafter "EMC"), incorrectly sued herein as EVERGREEN MARINE CORPORATION, by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph FIRST.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SECOND.

3.    Admits that defendant EMC is a foreign corporation with an office and place of business in Taipei, Taiwan and are engaged in the business of being a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that EMC chartered the M/V GOLDEN CLOUD and except as so admitted denies the allegations contained in paragraph THIRD.

4.    Admits that the M/V GOLDEN CLOUD is a container vessel employed in ocean common carriage as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and except as so admitted denies the allegations contained in paragraph FOURTH.

5.    Admits that a container in external good order and condition was delivered to defendant EMC for carriage aboard the M/V GOLDEN CLOUD pursuant to the terms and conditions of EMC's bill of lading contract and except as so admitted denies allegations contained in paragraph FIFTH.

6.    Denies the allegations contained in paragraph SIXTH.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SEVENTH.

8.    Denies the allegations contained in paragraph EIGHTH except admits non-payment.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.    The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.) hereinafter COGSA.

10.    Defendant, EMC, claims the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and the aforesaid statute to the full extent they may be applicable to it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.    Defendant claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.    The claim is time barred since suit was not brought within one year from the delivery of the cargo or from the time the goods should have been delivered.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.    Plaintiff is not a real party in interest and has suffered no liability in regard to the referenced claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.    Defendant claims the benefit or all immunities and exceptions contained in the COGSA, Article 4(2)(a) through (q) and (5) to the full extent they may be applicable to it.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.    Plaintiff did not give notice of claim within 3 days of delivery as required by COGSA §3(6).

**WHEREFORE**, Defendant EMC prays that the complaint be dismissed as against it together with costs and disbursements incurred in the defense of this action.

Dated: New York, New York
      August 24, 2007

                                    CICHANOWICZ, CALLAN, KEANE,
                                    VENGROW & TEXTOR, LLP
                                    61 Broadway, Suite 3000
                                    New York, New York 10006

                                    *Attorneys for Defendant*
                                    EVERGREEN MARINE CORP.
                                    (TAIWAN) LTD.

By:      s/ Paul M. Keane

                                    Paul M. Keane (PMK-5934)

To:     Samuel C. Coluzzi
         NICOLETTI, HORNIG & SWEENEY
         88 Pine Street
         Wall Street Plaza
         New York, New York 10005

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 24, 2007, I served a complete copy of EVERGREEN MARINE CORP. (TAIWAN) LTD.'s Answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:     Samuel C. Coluzzi
        NICOLETTI, HORNIG & SWEENEY
        88 Pine Street
        Wall Street Plaza
        New York, New York 10005


                                        _Amanda Magri_
                                        Amanda Magri

DATED:      August 24, 2007
            New York, New York

# EXHIBIT C

9014/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
EVERGREEN MARINE CORP. (TAIWAN) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCAN AM TRANSPORT A/S,

                                    Plaintiff,

            - against -

M/V GOLDEN CLOUD, her engines, boilers, etc.;
AND EVERGREEN MARINE CORP.;

                                    Defendants.

---

07 CV 6062 (GEL)

ECF CASE

**<u>AMENDED ANSWER</u>**

---

        Defendant, EVERGREEN MARINE CORP. (TAIWAN) LTD. (hereinafter

"EMC"), incorrectly sued herein as EVERGREEN MARINE CORPORATION, by its

attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the

complaint, alleges upon information and belief as follows:

        1.        Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph FIRST.

        2.        Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph SECOND.

3.    Admits that defendant EMC is a foreign corporation with an office and place of business in Taipei, Taiwan and are engaged in the business of being a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that EMC chartered the M/V GOLDEN CLOUD and except as so admitted denies the allegations contained in paragraph THIRD.

4.    Admits that the M/V GOLDEN CLOUD is a container vessel employed in ocean common carriage as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and except as so admitted denies the allegations contained in paragraph FOURTH.

5.    Because of the lack of specificity of facts specified in paragraph FIFTH of the complaint, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph FIFTH.

6.    Denies the allegations contained in paragraph SIXTH.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SEVENTH.

8.    Denies the allegations contained in paragraph EIGHTH except admits non-payment.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.    The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.) hereinafter COGSA.

10.    Defendant, EMC, claims the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and the aforesaid statute to the full extent they may be applicable to it.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11.    Defendant claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.    The claim is time barred since suit was not brought within one year from the delivery of the cargo or from the time the goods should have been delivered.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.    Plaintiff is not a real party in interest and has suffered no liability in regard to the referenced claim.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14.    Defendant claims the benefit or all immunities and exceptions contained in the COGSA, Article 4(2)(a) through (q) and (5) to the full extent they may be applicable to it.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15.    Plaintiff did not give notice of claim within 3 days of delivery as required by COGSA §3(6).

**WHEREFORE**, Defendant EMC prays that the complaint be dismissed as against it together with costs and disbursements incurred in the defense of this action.

Dated: New York, New York
        August 30, 2007

                            CICHANOWICZ, CALLAN, KEANE,
                            VENGROW & TEXTOR, LLP
                            61 Broadway, Suite 3000
                            New York, New York 10006

                            *Attorneys for Defendant*
                            EVERGREEN MARINE CORP.
                            (TAIWAN) LTD.

                    By:     s/ Paul M. Keane

                            Paul M. Keane (PMK-5934)

To:     Samuel C. Coluzzi
        NICOLETTI, HORNIG & SWEENEY
        88 Pine Street
        Wall Street Plaza
        New York, New York 10005

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 30, 2007, I served a complete copy of EVERGREEN MARINE CORP. (TAIWAN) LTD.'s Amended Answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:     Samuel C. Coluzzi
        NICOLETTI, HORNIG & SWEENEY
        88 Pine Street
        Wall Street Plaza
        New York, New York 10005


_Amanda Magri_
        Amanda Magri

DATED:      August 30, 2007
            New York, New York

# EXHIBIT J

Date: august 13, 2005
Updated by: Anne. He / Scan Logistics Shanghai

## Overboard and Damage Report of V/V GOLEN CLOUD V.115E

**EXHIBIT 3**

| B/L No | Issue B/L No | Port of Discharge | Place of Delivery | P/O # | Damage Degree | Correct Cargo Flow | Container No | Seal | Container No | Seal | Vessel | Remark |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E148588807045 | SH0501972 | Los Angeles | Dallas | 44041 | overboard | missing | TGHU7765618 | JA35506 | N/A | N/A | Golen Cloud V.115E | N/A |
| | | | | 44075 | overboard | missing | TGHU7423700 | JA37783 | N/A | N/A | | N/A |
| | | | | 44432 | overboard | missing | TGHU4554876 | JA37750 | N/A | N/A | | N/A |
| | | | | 44095 | broken and deformed | Damage condition– 4 packages out of the shipment were in exception. 2 big packages and 2 small packages of cargo were found broken and deformed. All were transferred to new container, waiting for vessel to USA at Kaohsiung now. | TGHU8124371 | JA37570 | TTNU8674892 | LTTAA77218 | | pending |
| E148588806695 | SH0501971 | Vancouver | Edmonton | 44061 | overboard | missing | GATU8231303 | JA37862 | N/A | N/A | | N/A |
| | | | | 43430 | broken, deformed and wet stained | Damage condition– 50 packages of cargo ware found broken, deformed and wet stained. All were transferred to new container, waiting for vessel to USA at Kaohsiung now. | GLDU7107964 | JA39528 | TCKU9410656 | LTTAA77215 | | pending |

# EXHIBIT K

# (msc) Cosmos Marine Surveyors & Consultants Co., Ltd.
協和海事保險公證人有限公司

**EXHIBIT 4**

台北市中正區１００ 重慶南路一段７７ 號 6 樓
8F, No.77, Chung Ching South Rd., Sec.1, Taipei 100, Taiwan

Tel:+886223313393
Fax:+886223319321
E-mail:cosmos.marine@msa.hinet.net

# SURVEY REPORT

**Survey Report No.L050909/COSL**                    **Date :** 17th October, 2005.

This is to certify that we, the undersigned, Cosmos Marine Surveyors & Consultants Company, Limited, in accordance with the instructions received from M/S IF Forsikring, did attend at the warehouse of pier No.79 of Evergreen Container Terminal in Kaohsiung Harbour, Kaohsiung on 22nd August, 2005, in order to inspect the condition of the following two containerized shipments which were reported to have been damaged.   We hereby report our findings as following:

**2 x 40' GP containers Nos.TGHU8124371 & GLDU7107964 ex.  M/V "GLODEN CLOUD" V- 115E - Alleged damage to the containers during the voyage from Fuzhou to Keelung**

## SHIPPING DOCUMENTS

The carrier rejected to provide any shipping documents to us.

## NATURE OF CASUALTY

Allegedly the M/V "Golden Cloud" encountered heavy Weather by typhoon "Haitang" during the voyage from Fuzhou to Kaoshiung on 18th July, 2005, and approx. 130 containers carried on board were washed overboard and many containers also sustained physical damage.

-   Continued   -



## INSPECTION

Upon inspection, together with a surveyor from M/S Concord Marine Surveyors & Consultants Co., Ltd (appointed by Evergreen Lines) at pier No. 79, EVERGREEN Lines container terminal in Kaohsiung Harbour on 22nd August, 2005, we noted the followings:

**Inspection to 1 x 40' GP Container No. TCKU9410666 : The cargo   alleged to be transferred from the container No. GLDU7107964**

Allegedly the original container No. GLDU7107964 was stowed on deck and was found to have been badly damaged after berthing, thus the carrier had transferred the goods in the damaged container to the sound container No. TCKU9410666 in about 2 weeks ago.

Particulars of the Container No.TCKU9410666.

| | |
|---|---|
| MGW. | 30,480 kgs |
| TARE. | 3,840 kgs |
| PAYLOAD | 26,640 kgs |
| Date of Manufacture | 04/2002 |

1 x 40' GP container No. TCKU9410666 was sighted by us and sealed with an intact carrier seal No. AA77215.

The container was opened in our presence and we noted the packing method of the goods was as follows :

Goods    : Large and small size of sofa.
Packing  : Exterior  : PP woven bag.
             Interior  : Bulb sheets or cardboard carton.

A total of 50 p'kgs of sofa were destuffed from the above container.   From visible areas, the external condition of the p'kg/sofa was noted by us as follows :

| NO. OF P'KGS | EXTERNAL CONDITION |
|---|---|
| 2 large packages. | 1) The packing entirely missing. |
| | 2) The goods/sofa were torn, pressed, deformed and stained to varying degrees. |

-    Continued    -

| 15 large packages. | 1) The external packing (PP woven bag) were torn and pressed to varying degrees.<br>2) The contents/sofa were pressed and deformed in places. |
|---|---|
| 13 small packages. | 1) The external packing (PP woven bag) were torn and pressed to varying degrees.<br>2) The contents/sofa were pressed and deformed in places. |
| 20 packages (17 large P'kgs + 3 small p'kgs). | 1) The packing was in apparently undamaged.<br>2) The contents/sofa presumed to be in normal condition. |

**Note**

1) We noted some sofas were moistened, thus a silver nitrate test was carried out by us and the result was negative (presumably wetting was caused by fresh water).

2) After inspection, the container was sealed with a carrier seal No. EMC PD90300 in our presence.

3) The original container No. GLDU7107964 is not available for our inspection.

**Inspection to 1 x 40' GP Container No. TTNU9674692 : The cargo    alleged to be transferred from the container No. TGHU8124371**

Allegedly the original container No. TGHU8124371 was stowed on deck and was found to have been damaged after berthing, thus the carrier had transferred the goods in the damaged container to the sound container No. TTNU9674692 in about 2 weeks ago.

Particulars of the Container No.TTNU9674692.

| | |
|---|---|
| MGW. | 30,480 kgs |
| TARE. | 3,840 kgs |
| PAYLOAD | 26,640 kgs |
| Date of Manufacture | 04/2002 |

-    Continued    -

**Page 4**

1 x 40' GP container No. TTNU9674692 was sighted by us and sealed with an intact carrier seal No. AA77216.

The container was opened in our presence and we noted the packing method of the goods was as follows :

Goods     : Large and small size of sofa.
Packing   : Exterior : PP woven bag.
                Interior  : Bulb sheets or cardboard carton.

A total of 75 p'kgs of sofa were de-stuffed from the above container.   From visible areas, the external condition of the p'kg/sofa was noted by us as follows :

| NO. OF P'KGS | EXTERNAL CONDITION |
|---|---|
| 4 large packages. | 1) The external packing (PP woven bag) were torn and pressed to varying degrees. |
| | 2) The contents/sofa were pressed and deformed in places. |
| 3 small packages. | 1) The external packing (PP woven bag) were torn and pressed to varying degrees. |
| | 2) The contents/sofa were pressed and deformed in places. |
| 68 packages (34 large P'kgs + 34 small p'kgs). | 1) The packing was in apparently undamaged. |
| | 2) The contents/sofa presumed to be in normal condition. |

**Note**

1} After inspection, the container was sealed with a carrier seal No. EMC PD90488 in our presence.
2) The original container No. TGHU8124371 is not available for our inspection.

**CONCLUSION**

From what we have surveyed, we are of the opinion that the cause of the damage was attributed to that as alleged.

-   Continued   -

**REMARKS:** Please find the following enclosures for reference.

1)    15 photographs taken by us during survey.

This report is issued in good faith and to the best of our knowledge and ability, but without prejudice to the interests of parties concerned and without liability on our part.

**Note:** One original and two signed copies of this report made.

Cosmos Marine Surveyors & Consultants Co., Ltd.
Lloyd's agents

Peter Ho
President/R.O.C. Licensed Surveyor.