UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK                    07 CV 6062 (GEL)

SCAN AM TRANSPORT A/S,

                                        Plaintiff,

                    -vs-

M/V GOLDEN CLOUD, etc., et ano.,

                                        Defendants.

DEFENDANT, EVERGREEN MARINE CORP.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S CLAIMS AS TIME BARRED

*Respectfully submitted,*

CICHANOWICZ CALLAN KEANE
VENGROW & TEXTOR, LLP
61 Broadway 3000
New York, NY 10006
212-344-7042
Attorneys for Defendant
EVERGREEN MARINE CORPORATION

TABLE OF CONTENTS

*Page No.*          *Contents*

1.                  INTRODUCTION

                    A.    NATURE OF THE CLAIM

2.                  B.    STATUS OF THE CASE

                    C.    BASIS FOR MOTION

3.                  THE FACTS

5.                  ARGUMENT

                    1.    ONE OF THE BILLS OF LADING COVERING THE CARGOES
                          SUED IS SUBJECT TO THE U.S. CARRIAGE OF GOODS BY
                          SEA ACT WHICH REQUIRES CARGO CLAIMS TO BE
                          BROUGHT TO SUIT WITHIN ONE YEAR AFTER DELIVERY
                          OR THE DATE WHEN THE GOODS SHOULD HAVE BEEN
                          DELIVERED.  PLAINTIFF'S CLAIMS FOR LOSS OR
                          DAMAGE TO GOODS COVERED BY THIS BILL OF LADING
                          WAS FILED LATE AND SHOULD BE DISMISSED.

8.                  2.    ALL OF THE BILLS OF LADING COVERING THE CARGOES
                          SUED CONTAIN CONTRACTUAL PROVISIONS REQUIRING
                          CARGO CLAIMS TO BE BROUGHT TO SUIT WITHIN ONE
                          YEAR AFTER DELIVERY OR THE DATE WHEN THE
                          GOODS SHOULD HAVE BEEN DELIVERED.  PLAINTIFF'S
                          CLAIMS FOR LOSS OR DAMAGE TO GOODS COVERED BY
                          THESE BILLS WAS FILED LATE AND SHOULD BE
                          DISMISSED.

11.                 CONCLUSION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK                07 CV 6062 (GEL)

| | |
|---|---|
| SCAN AM TRANSPORT A/S,<br><br>                     Plaintiff,<br>       -vs-<br><br>M/V GOLDEN CLOUD, etc., et ano.,<br><br>                   Defendants. | DEFENDANT, EVERGREEN MARINE CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS AS TIME BARRED |

## INTRODUCTION

This memorandum is submitted on behalf of defendant, EVERGREEN MARINE CORP. (TAIWAN) LTD. (sued herein as EVERGREEN MARINE CORPORATION) (hereafter, "EVERGREEN"), in support of its motion to dismiss plaintiff's claims as barred by the applicable statutory and contractual limitations of action.

## A.      NATURE OF THE CLAIM

Plaintiff sues in admiralty to recover $50,000 for damage to shipments of "Furniture /Goods" which moved on board the EVERGREEN vessel from "China" to "Canada/USA" in July of 2005. *Evergreen's Mov. Exhibit A at Schedule A.* Plaintiff claims to be the consignee or owner of the shipments or to have some other interest in them which gives it standing to sue. *Id. at para. SEVENTH.*

The moving defendant, EVERGREEN, is alleged in the complaint to be the ocean common carrier of the shipments which breached its obligations and duties as a common carrier thus causing the damage complained of.  *Id. at paras. THIRD and FIFTH.*

Both EVERGREEN's answer and amended answer plead the untimeliness of plaintiff's claims as an affirmative defense.  *Evergreen's Mov. EXHIBITS B and C, both at para. 12.*

B.    STATUS OF THE CASE

This action was commenced on July 26, 2007 by the filing of a complaint.  EVER-GREEN appeared and answered on August 24, 2007 and subsequently filed an amended answer as a matter of right on August 30, 2007.  *See, ECF Docket Sheet, Entries 1, 4 - 5.*  The only other party in the case is the defendant Vessel which has not appeared and which we understand has not been served with process.  *See, ECF Docket Sheet* and F.R.Civ. P. Supp'l Admiralty Rule C.

No discovery has been had or noticed and no other motions have been made.  This case is not scheduled for trial or any other hearing.

C.    BASIS FOR MOTION

The shipments alleged in the complaint took place in July of 2005, but suit was not filed until 2 years later in July of 2007.  By law and contract, plaintiff was required to file suit not later than one year after delivery of the goods or the date when the goods should have been delivered. It has not done so.

2

Where a defendant moves to dismiss on a ground already pleaded as an affirmative defense in the answer, the motion is treated as a motion for judgment on the pleadings under F.R.Civ.P. 12(c).  *New York Marine & General Insurance Co. v. M/V Admiralengracht,* 1999 WL 253628, *1 (S.D.N.Y.).  On such a motion, the Court applies the same standards as on a Rule 12(b)(6) motion to dismiss. The pleadings are viewed in the light most favorable to the plaintiff, who is entitled to all reasonable factual inferences.  The Court can consider documents referenced in the complaint and documents that are in the plaintiff's possession or that the plaintiff knew of and relied on in bringing suit.  *Id.*

## THE FACTS

1.    The complaint identifies EVERGREEN as "a common carrier[] of merchandise by water for hire" and alleges that EVERGREEN "agreed to carry and transport the said shipment"  "in consideration of certain freight charges thereupon paid or agreed to be paid." *Evergreen's Mov. Exhibit A, para. FIFTH.*

2.    A bill of lading is the contract of carriage used by ocean common carriers. Chapman & Voyles, "CARGO LITIGATION: A PRIMER ON CARGO ," 16 U.S.F. Mar. L.J. 1, 8 (main text at n. 37 (2003 – 04).

3.    Claims documents submitted to EVERGREEN by plaintiff identify the applicable contracts of carriage as EVERGREEN's bills of lading nos. E148588806995 and E148588807045.  *EVERGREEN's Mov. EXHIBIT J.*

3

4.      Both bills of lading are dated July 17, 2005. *EVERGREEN's Mov. EXHIBITS D and E; EVERGREEN's Mov. Decl. of TSAI, para. 2.*

5.      Also included in plaintiff's claims documents is a survey report which shows that the cargo casualty sued on occurred on July 18, 2005 when the vessel carrying plaintiff's shipments encountered heavy weather at sea during the voyage from the port of loading (Fuzhou, China) and the next port of call, Kaoshiung, Tawiwan. *Evergreen's Mov. EXHIBIT K.*

6.      After arrival of the EVERGREEN vessel at Kaoshiung, the two EVERGREEN bills of lading were reissued to reflect the fact that some of plaintiff's containers had washed overboard during the heavy weather. *Evergreen's Mov. EXHIBITS F and G; EVERGREEN's Mov. Decl. of TSAI, para.5.* The reissued bills of lading also changed the discharge and destination points. *Compare, Evergreen's Mov. EXHIBITS D and E with F and G.*

8.      Two of the containers in plaintiff's shipment were not washed overboard and were delivered on November 1, 2005 and Nov. 6, 2005. *EVERGREEN's Mov. Decl. of TSAI, para. 6.*

9.      Had the rest of the containers comprising plaintiff's shipment not been lost overboard on the voyage to Kaoshiung, they would have been delivered no later than August 13 and 15, 2005. *EVERGREEN's Mov. Decl. of TSAI, para. 7(c – d).*

10.     The terms and conditions of the EVERGREEN bills of lading covering plaintiff's shipments required that suit be brought within one year of the date when the goods were or should have been delivered. *EVERGREEN's Mov. EXHIBIT H, Cls. 5(A) and 8.*

11.     This lawsuit was filed on July 26, 2007 which was substantially more than one year after the date when the goods were or should have been delivered. *See, ECF Docket Sheet, Entry 1.*

ARGUMENT

POINT 1

ONE OF THE BILLS OF LADING COVERING THE CARGOES SUED IS SUBJECT TO
THE U.S. CARRIAGE OF GOODS BY SEA ACT WHICH REQUIRES CARGO CLAIMS TO
BE BROUGHT TO SUIT WITHIN ONE YEAR AFTER DELIVERY OR THE DATE WHEN
THE GOODS SHOULD HAVE BEEN DELIVERED.  PLAINTIFF'S CLAIMS FOR LOSS OR
DAMAGE TO GOODS COVERED BY THIS BILL OF LADING WAS FILED LATE AND
SHOULD BE DISMISSED.

The United States Carriage of Goods by Sea Act ("COGSA") is a federal statute which

governs all bills of lading which evidence contracts for the carriage of goods by sea from a

foreign port to a U.S. port.  *Senator Linie Gmbh & Co. Kg v. Sunway Line, Inc.,* 291 F.3d 145,

153 (2d Cir. 2002);  46 U.S.C. 30701, HISTORICAL AND STATUTORY NOTES, Introduction

and Sec. 13 formerly 46 U.S.C.App. 1300, 1312. [1]

COGSA has statutory effect during the period of time when the goods are loaded on to

the time they are discharged from the ship.  *Hartford Fire Ins. Co. v. Orient Overseas Containers

Lines (UK) Ltd.,* 230 F.3d 549, 557 (2d Cir. 2000);  47 U.S.C. 30701, supra at Sec. 1(e) formerly

46 U.S.C.App. 1301(e).  Where COGSA has statutory effect it provides the exclusive remedy for

cargo claims and a cargo plaintiff cannot avoid it by casting its claim in tort rather than contract.

*Sail America Foundation v. M/V T.S. Prosperity,* 778 F.Supp. 1282, 1285 (S.D.N.Y. 1991);

*Miller Export Corp. v. Hellenic Line,* 534 F.Supp. 707, 710 (S.D.N.Y. 1982);  see also, *Stolt

Tank Containers, Inc. v. Evergreen Marine Corp.,* 962 F.2d 276, 279 (2d Cir. 1992).

---

[1]     The COGSA statute was recently recodified.  It's former codification was 46 U.S.C.App. 1300 –
15.  Since the case law dealing with COGSA uses the former codification, we will cite to it using
both the current and former Code citations.

One of the EVERGREEN bills of lading in this case provided for carriage by sea from Fuzhou, China to the U.S. port of Los Angeles. *Evergreen's Mov. EXHIBIT E.* [2]   Since loss or damage to the cargo covered by that unamended bill occurred at sea [*EVERGREEN's Mov. EXHIBIT K*], then the bill and all cargo claims arising under it are governed by the COGSA statute.

COGSA contains a statutory limitation of action popularly known as the COGSA "one year time bar."

> In any event, the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.

46 U.S.C. 30701 at Sec. 3(6) formerly 46 U.S.C.App. 1303(6).  Unlike a statute of limitations, the COGSA one year time bar does not just extinguish the remedy, it extinguishes the right, as well. *Distribution Services, Ltd. v. Eddie Parker Interests, Inc.,* 897 F.2d 811, 814 (5th Cir. 1990); *Fireman's Ins. Co. of Newark, N.J. v. Gulf Puerto Rico Lines, Inc.,* 349 F.Supp. 952, 957 – 58 (D.P.R. 1972).

The COGSA one year time bar is strictly enforced as part of the COGSA statutory scheme. *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel,* 77 F.R.D. 384, 386 – 87 (S.D.N.Y. 1977).  Non-delivery of the cargo, notwithstanding the vessel's arrival at the port of her destination, does not void the limitation. *Italia Di Navigazione, S.p.A. v. M.V. Hermes I,* 724

---

2          That bill was later reissued to provide for carriage to Canada instead of the U.S. *Evergreen's Mov. EXHIBIT G.*

F.2d 21, 22 (2d Cir. 1983).  Neither will a carrier's mere investigation of a cargo claim toll the running of the time bar statute.  *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir. 1993).

In the case of damaged goods, the one year begins to run from delivery.  *Orient Atlantic Parco, Inc. v. Maersk Lines,* 740 F.Supp. 1002, 1004 – 05 (S.D.N.Y 1990).   In the case of goods lost at sea, it begins from when delivery should have occurred.  *Hellyer v. Nippon Yesen Kaisya,* 130 F.Supp. 209, 211 (S.D.N.Y. 1955).

Delivery of those containers that were not lost in the heavy weather event took place on November 1 and 6, 2005.  The containers which were lost at sea would have been delivered by August 13, 2005 and August, 2005.  *EVERGREEN's Mov. Decl. of TSAI, paras. 6 and 7(c – d).* All of those dates are more than one year prior to the July 26, 2007 commencement of this action, which makes plaintiff's claims under this bill untimely.

POINT 2

ALL OF THE BILLS OF LADING COVERING THE CARGOES SUED CONTAIN
CONTRACTUAL PROVISIONS REQUIRING CARGO CLAIMS TO BE BROUGHT TO
SUIT WITHIN ONE YEAR AFTER DELIVERY OR THE DATE WHEN THE GOODS
SHOULD HAVE BEEN DELIVERED.  PLAINTIFF'S CLAIMS FOR LOSS OR DAMAGE
TO GOODS COVERED BY THESE BILLS WAS FILED AT LEAST 8 MONTHS LATE AND
SHOULD BE DISMISSED.

Under federal maritime law, an ocean carrier not subject to COGSA may impose a

contractual time limit for a negligence based suit against it, and such a limitation will be

enforced if reasonable.  *Schnell v. U.S.,* 30 F.2d 676, 677 (2d Cir.) cert. den. 279 U.S. 858 (1929)

(Enforcing three month contractual time bar);  *I.N.A. v. PRMMI,* 768 F.2d 470, 473 (1st Cir.

1985) (Enforcing contractual one year time bar).  Compliance with a contractual limitation of

action is a condition precedent to a cargo plaintiff's recovery.  *Schnell,* supra, at 677;  *Brennan*

*Packing Co. v. Cosmopolitan Shipping Co.,* 14 F.2d 971, 973 (N.D.Ill. 1925).

Both the original and amended bills of lading attached as EVERGREEN's Mov.

EXHIBITS D, F and G evidence contracts for the carriage of goods by sea between non-U.S.

foreign ports.  As a result, COGSA has no statutory application and thus no *statutory* time bar

applies.  However, the terms and conditions of those bills contain two provisions which provide

for a *contractual* one year time bar.

First, EVERGREEN bill of lading clause 5(A) provides in relevant part:

> Clause Paramount – as far as this Bill of Lading covers the carriage
> of Goods by sea by the Carrier or its Sub-contractor the contract
> evidenced in this Bill shall have effect subject to the Hague Rules,
> if and as enacted in the country of shipment  … .   * * *   When no
> such enactment is in force in the country of shipment, the Hague
> Rules will apply.

8

*Evergreen's Mov. EXHIBIT H.*   The term "Hague Rules" as used in clause 5(A) is defined in the EVERGREEN bill of lading to mean "The International Convention for the Unification of Certain Rules relating to Bills of Lading signed  at Brussels on 25th August 1924 and includes any amendments thereto … ."  *EVERGREEN's Mov. EXHIBIT H, Cl.* 1(7).   The Hague Rules Convention and COGSA are almost identically worded.  *Complaint of Damodar Bulk Carriers, Ltd.,* 903 F.2d 675, 681 (9th Cir. 1990).  Since China (the country of shipment) has not ratified or enacted its own version of the Hague Rules, then the Hague Rules Convention applies. [**3**]

The Hague Rules, like COGSA, contain a one year limitation of actions.  *A.S.T., U.S.A., Inc. v. M/V Franka,* 981 F.Supp. 937, 939 (D.Md. 1997).  Art. 3(6) of the Hague Rules provides in relevant part:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.

Reprinted at 6 BENEDICT ON ADMIRALTY, Doc. 1-1, p. 1-4 (2004).  The foregoing language is identical to the wording of the COGSA time bar.  *Compare, p. 6, supra.*

---

3   The People's Republic of China has not adopted the Hague Rules or its amendments.  6 BENEDICT ON ADMIRALTY, pp. 1-11to 1-19 and 1-30 to 1-32.1 and 1-32.4 to 1-32.5 (2004); and  Xia Chen, "CHINESE LAW ON CARRIAGE OF GOODS BY SEA UNDER BILLS OF LADING,"  8-WTR Currents: Int'l Trade L.J. 89 (main text at n. 4) (1999).  It has instead adopted a Maritime Code of its own which, like, COGSA, requires that a cargo claim brought to suit within one year after the date of delivery of the goods or the date when the goods should have been delivered, failing which the carrier will be discharged from all liability.  Zhang Lixing, "RECENT MARITIME LEGISLATION AND PRACTICE IN THE PEOPLE'S REPUBLIC OF CHINA," 6 U.S.F. Mar. L.J. 281, 273, 285 – 86 (1994).

In addition to the incorporation of the Hague Rules, the EVERGREEN bills of lading also contain a provision specifically mandating a one year time bar.  Clause 8 provides in relevant part:

> In any event, … the Carrier shall be discharged from all liability in respect of non-delivery, mis-delivery, delay, loss or damage unless suit is brought within one year after delivery of the Goods or the date when the Goods should have been delivered.

*Evergreen's Mov. EXHIBIT H.*

The EVERGREEN bills of lading contain yet a further provision that, "The defence and limits of liability provided for in this Bill shall apply in any action against the Carrier for loss or damage to the Goods whether the action be founded in contract or tort." *Evergreen's Mov. EXHIBIT H, Cl. 9.*

In this case, plaintiff's containers either were or would have been delivered more than one year prior to the commencement of this action thus warranting their dismissal as contractually untimely.  *EVERGREEN's Mov. Decl. of TSAI, para. 7(c – d).*  The arguments contained in this POINT provide an alternative ground for dismissing the COGSA bill of lading since it contains these same contractual one year time bar provisions that are not in conflict with COGSA.  *Sumitomo Corp. of Am. v. M/V Sie Kim,* 632 F.Supp. 824, 834 (S.D.N.Y. 1985) overruled on other grounds *Assoc. Metals and Minerals Corp. v. M/V ARKTIS SKY,* 978 F.2d 47, 49 et seq. (2d Cir. 1992).

CONCLUSION

The motion should be granted.


Dated:          New York, NY, December 7, 2007


                              *Respectfully submitted,*

                              CICHANOWICZ CALLAN KEANE
                              VENGROW & TEXTOR, LLP
                              61 Broadway 3000
                              New York, NY 10006
                              212-344-7042

                              By: /s/ _____Paul M. Keane_____
                                    Paul M. Keane [PK-5934]
                              Attorneys for Defendant
                              EVERGREEN MARINE CORPORATION